UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Juan Hernandez-Sanchez,<br>Petitioner<br>v.<br>Todd Blanche, et al.,<br>Respondents | Case No. 2:26-cv-01072-CDS-DJA<br>**Order Granting Amended Petition for Writ of Habeas Corpus, Ordering Petitioner's Release by October 27, 2026, Denying as Moot Petitioner's Motion for Temporary Restraining Order, and Striking Petitioner's Unauthorized Second Amended Petition for Writ of Habeas Corpus**<br>[ECF Nos. 10, 19, 21] |

Petitioner Juan Hernandez-Sanchez is a citizen of Mexico who is currently in the custody of the United States Immigration and Customs Enforcement (ICE).[1] ECF No. 10. Hernandez-Sanchez filed an amended petition for a writ of habeas corpus requesting his release because his post-removal period of detention is unreasonable. *Id.* I agree with Hernandez-Sanchez and order his release.

## I. Background

Hernandez-Sanchez was ordered removed to Mexico from the United States in 1999. ECF No. 10 at 5; ECF No. 11-1 at 2. Hernandez-Sanchez returned to the United States in 2001 and was arrested by ICE in February 2025. ECF No. 10 at 5. As a result, his removal order was reinstated, which again required his removal to Mexico. *Id.* at 5; ECF No. 11-2 at 3. Hernandez-Sanchez sought withholding of his removal to Mexico, and he appealed that issue to the Ninth Circuit. ECF No. 10 at 5; ECF No. 11-3 at 8; ECF No. 16-1. The Ninth Circuit stayed Hernandez-Sanchez's removal pending resolution of the withholding matter, and the appeal remains pending.[2] ECF No. 10 at 5; ECF No. 16-1 at 6.

---

[1] I refer herein to all named respondents collectively as "the respondents."

[2] This court confirmed through the Ninth Circuit's Appellate Case Management System that the withholding appeal is still pending as of October 23, 2026.

Based on those allegations, Hernandez-Sanchez brings this habeas action.[3] ECF No. 10. He argues that his due process rights are being violated because he is indefinitely detained—that is, he remains detained pending removal, but his removal cannot happen because the Ninth Circuit stayed removal pending the withholding appeal. *Id.* at 6–7. In support of that argument, Hernandez-Sanchez relies on *Zadvydas v. Davis*, 533 U.S. 678 (2001), which found that any detention under 8 U.S.C. § 1231(a)(6) that occurs after the 90-day period for removal set by 8 U.S.C. § 1231(a)(1) must be only for a reasonable time and that only six months of detention is presumptively reasonable. *Id.* Given that he has been detained longer than six months and remains detained indefinitely, Hernandez-Sanchez seeks his immediate release.[4] *Id.* at 7. Alternatively, he seeks a bond hearing. *Id.* at 7–12.

The federal respondents oppose the petition. ECF No. 16. They argue that this court does not have jurisdiction to resolve Hernandez-Sanchez's petition because 8 U.S.C. § 1252(b)(9) and (g) deprive this court of subject matter jurisdiction and instead "funnel judicial review of every aspect of removal proceedings into a petition for review filed in the courts of appeals." *Id.* at 8. They also argue that the 90-day removal period was paused before it expired when Hernandez-Sanchez appealed the issue of withholding, *see* 8 U.S.C. § 1231(a)(1)(B)(ii), so there has been no post-removal period of detention and thus no *unreasonable* post-removal period of detention. ECF No. 16 at 10.

---

[3] After Hernandez-Sanchez's counsel filed a first amended petition, Hernandez-Sanchez filed a handwritten petition (hereinafter, the "second amended petition"). ECF No. 19. Local Rule IA 11-6(a) states "a party who has appeared by attorney cannot while so represented appear or act in the case." LR IA 11-6(a). Because Hernandez-Sanchez is still represented by counsel, and was at the time he filed his second amended petition, his filing directly violates the Court's local rules. I therefore order it stricken.

[4] Since he filed his amended petition, Hernandez-Sanchez filed a motion for a temporary restraining order (TRO) also seeking his release. ECF No. 21. The motion is fully briefed. ECF Nos. 22–23. Because I grant Hernandez-Sanchez's amended petition and order his release, the motion for a TRO is moot and I deny it as such.

## II. Discussion

First, the Ninth Circuit has already rejected the federal respondents' jurisdiction argument,[5] *see Ibarra-Perez v. United States*, 154 F.4th 989, 995–1000 (9th Cir. 2025), as has this District, *see Zarate v. Blanche*, 2026 WL 1005872, at *2 (D. Nev. Apr. 14, 2026) (collecting cases). Despite the federal respondents' assertion otherwise, this court indeed has subject matter jurisdiction to decide Hernandez-Sanchez's habeas petition asserting a violation of his due process rights. *See Zadvydas*, 533 U.S. 687–88 (noting that "the primary federal habeas corpus statute, 28 U.S.C. § 2241, confers jurisdiction upon the federal courts to hear these cases" and that even though "Congress has enacted several statutory provisions that limit the circumstances in which judicial review of deportation decisions is available," "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.")

Second, I disagree with the federal respondents that the removal period has not yet expired and that there is not currently any post-removal period detention. Under 8 U.S.C. § 1231(a)(1)(B), the removal period begins on the latest of three dates:

> **(i)** The date the order of removal becomes administratively final.
> **(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> **(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

Working in reverse order, none of the parties assert that subsection (iii) applies. I do not discuss it further. Next, subsection (ii) does not apply. Although the federal respondents argue that the removal period has not started because Hernandez-Sanchez is still awaiting the Ninth Circuit's final order regarding withholding, when a noncitizen applies for withholding-only relief, the removal order remains in full force. *Johnson v. Guzman Chavez*, 594 U.S. 523, 536 (2021). In fact, as here, when a prior order of removal is reinstated, it is not subject to review. 8 U.S.C. § 1231(a)(5).

---

[5] It is unclear why the federal respondents fail to cite—and maybe even consider—this binding authority. *See generally* Fed. R. Civ. P. 11(b) (providing that when an attorney files a paper with the court, the attorney is certifying that the "legal contentions are warranted by existing law").

Because Hernandez-Sanchez did not seek nor could he have sought judicial review of *the removal order*, subsection (ii) does not apply. Finally, that leaves us with subsection (i), which requires there to be an administratively final removal order. To the extent the federal respondents intended to argue that Hernandez-Sanchez's withholding appeal affected the finality of the removal order, they are incorrect. The Supreme Court has explained that the "initiation of withholding-only proceedings does not render non-final an otherwise 'administratively final' reinstated order of removal." *Johnson*, 594 U.S. at 540. And while the parties do not assert when the removal order became administratively final, the respondents do not dispute it was administratively final when Hernandez-Sanchez was detained by ICE in February 2025. *See* ECF No. 16 at 10. Because more than 90 days has passed since then, the removal period has expired.

The remaining question is whether Hernandez-Sanchez's detention following the expiration of the removal period is reasonable; I find that it is not. To show the length of his detention is unreasonable, Hernandez-Sanchez must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. If he does, "the Government must respond with evidence sufficient to rebut that showing." *Id.* Hernandez-Sanchez argues that there is no significant likelihood of removal in the reasonably foreseeable future because his removal has been stayed while the Ninth Circuit resolves his withholding appeal, which will determine whether he can be removed to Mexico, the country of removal identified in the removal order. There is no binding authority adopting Hernandez-Sanchez's argument,[6] but this District has previously found that continued detention while awaiting a withholding decision, including while removal is stayed pending that decision, satisfies the petitioner's burden under *Zadvydas*. *See Medina v. Chief Council*, 2026 WL

[6] While *Prieto-Romero v. Clark*, 534 F.3d 1053, 1065 (9th Cir. 2008), declined to find a petitioner's detention indefinite when his removal was stayed pending judicial review of his *removal order* because his removal *could* happen if his appeal was unsuccessful, that disposition does not control here when Hernandez-Sanchez's removal was stayed pending an appeal in his *withholding proceeding* following an administratively final removal order. Indeed, this District has previously held that *Prieto-Romero* does not apply in the post-removal context, and I find that reasoning persuasive. *See Gomez v. Mattos*, 817 F. Supp. 3d 1002, 1011 n.2 (D. Nev. 2025).

560218, at *2 (D. Nev. Feb. 27, 2026) (finding that there was no significant likelihood of removal in the reasonably foreseeable future when the Ninth Circuit stayed removal pending its resolution of the issue of withholding); *see also Hernandez Sanchez v. Knight*, 2026 WL 2546956, at *4 (D. Nev. Aug. 28, 2026) (finding that the petitioner met his burden when he alleged that his "withholding-only proceedings [were] continuous and indeterminate with no guarantee of an expedited resolution"); *Zarate*, 2026 WL 1005872, at *4 ("Because Petitioner is in ongoing withholding-only proceedings to determine whether he can be removed to Cuba, Petitioner cannot currently be removed to Cuba. Thus, Petitioner meets his initial burden."). I find that reasoning persuasive and therefore conclude that Hernandez-Sanchez's detention during the Ninth Circuit's stay of removal pending its review of the issue of withholding satisfies his burden to establish that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Therefore, the burden shifts to the federal respondents. However, the federal respondents have failed to address this point and have thus failed to meet their burden to rebut Hernandez-Sanchez's showing. *See* ECF No. 16 at 10. Accordingly, I find Hernandez-Sanchez's continued detention unreasonable under *Zadvydas* and I order his release.

## III. Conclusion

IT IS THEREFORE ORDERED that petitioner Juan Hernandez-Sanchez's amended petition for a writ of habeas corpus **[ECF No. 10] is GRANTED**.

IT IS FURTHER ORDERED that petitioner Juan Hernandez-Sanchez's unauthorized second amended petition **[ECF No. 19] is STRICKEN**.

IT IS FURTHER ORDERED that petitioner Juan Hernandez-Sanchez's motion for a temporary restraining order **[ECF No. 21] is DENIED as moot**.

IT IS FURTHER ORDERED that the respondents must release petitioner Juan Hernandez-Sanchez from the custody of the Nevada Southern Detention Center by Tuesday, October 27, 2026, no later than 3:00 p.m. The respondents must transport Hernandez-Sanchez

to 501 Las Vegas Blvd. South, Las Vegas, Nevada that same day. The respondents must advise Hernandez-Sanchez's counsel of the estimated time of release in advance of that release for coordination purposes.

IT IS FURTHER ORDERED that the federal respondents must not impose release conditions that substantially interfere with Hernandez-Sanchez's liberty, such as location monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

IT IS FURTHER ORDERED that that the respondents return all of Hernandez-Sanchez's personal property to him upon his release.

IT IS FURTHER ORDERED that the federal respondents must file a notice of compliance with this order detailing the date, time, and location of his release no later than Thursday, October 29, 2026, at 5:00 p.m.

IT IS FURTHER ORDERED that the respondents are enjoined from re-detaining Hernandez-Sanchez absent proof of changed circumstances making his removal reasonably foreseeable.

IT IS FURTHER ORDERED that if the respondents desire to remove Hernandez-Sanchez to a third county, they must (1) provide the petitioner with notice of his purported third-country removal; (2) ask the petitioner whether he fears persecution or harm upon removal to the designated country and memorialize in writing the petitioner's response; (3) inform the petitioner that he may seek asylum, withholding, and relief under the United Nations Convention Against Torture by filing a motion to reopen with the immigration courts if the answer to that question is yes; and (4) provide adequate time to prepare and file a motion to reopen. *See Sarkisov v. Blanche*, 2026 WL 949019, at *6 (D. Nev. Apr. 8, 2026).

Dated: October 26, 2026

Cristina D. Silva
United States District Judge